UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AUGUST M. BROWN,

Plaintiff,

v.

CANADIAN PACIFIC d/b/a SOO,

Defendant.

CIVIL NO. 00-10 (PAM/JGL)

**ORDER TO SHOW CAUSE**

Plaintiff has filed a Complaint seeking relief under Title VII of the Civil Rights Act of 1964 (as amended). The matter is before the Court on Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), in which Plaintiff seeks leave to proceed in this matter in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a).

IFP status will be denied, and the plaintiff's action will be dismissed, when a court finds that the plaintiff's complaint is frivolous or malicious, or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It appears that Plaintiff's present lawsuit involves the same facts, the same claims, and the same Defendant as those involved in another lawsuit that Plaintiff commenced in this district just last month -- Brown v. CP Rails, et al., No. 99-1931 (PAM/JGL). If Plaintiff's current action does indeed replicate his prior action, then it would serve no purpose other than to harass Defendant. In that event, the present action would be "malicious," and Plaintiff would be ineligible for IFP status.

Because of the similarities between the present action and Plaintiff's other recent action against the same Defendant, the Court will order Plaintiff to show cause why this action should not be deemed "malicious," and therefore subject to dismissal pursuant

FILED JAN 0 7 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

to 28 U.S.C. § 1915(e)(2)(B)(i). If Plaintiff believes that there is some good reason why he should be allowed to maintain this action, even though it appears only to harass Defendant, he shall file an affidavit, explaining in detail, why he believes it is necessary and appropriate for him to bring this second lawsuit. If Plaintiff files such an affidavit by no later than February 1, 2000, the Court will reconsider his IFP application in light of the information set forth in his affidavit. If Plaintiff does not file such an affidavit within the time allowed, it will be recommended that his IFP application be denied, and that this action be dismissed without prejudice.[1]

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's IFP Application, (Docket No. 2), is denied at this time; and

2. On or before February 1, 2000, Plaintiff shall file an affidavit explaining why he should be allowed to maintain the present action, even though it appears to serve no purpose other than to harass Defendant; and if Plaintiff fails to file such affidavit within the time allowed, it will be recommended that this action be dismissed without prejudice.

Dated: January 7, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

[1] Plaintiff should note that the dismissal of this action without prejudice would not effect his other lawsuit, which is still pending in this district. Plaintiff should also note that as long as Defendant has not filed any responsive pleading in his other lawsuit, he can his amend his complaint in that case, a single time, without leave of Court. See Fed. R. Civ. P. 15(a).

For Immediate Release
January 3, 2000

# PRESS RELEASE

## UNITED STATES DISTRICT COURT

Contact: Francis E. Dosal, Clerk
(651) 848-1100

## FEDERAL COURT ADOPTS AMENDMENTS TO LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the adoption of several amendments to its local rules of practice. The changes were recommended by the Court's Local Rules Committee chaired by Minneapolis Attorney Cliff Greene of the law firm Greene Espel.

As required by federal statute, the proposed revisions were posted for public review and comment in late 1999. Following consideration of the comments received, the proposed rules were adopted unanimously by the Court to be effective January 3, 2000. The proposed amendments are as follows:

- **LR 5.1**
  Amendments to LR 5.1 and LR 5.2 regarding filing procedures.

- **LR 7.1(b)(2)**
  A new advisory committee's note regarding evidentiary materials submitted with reply briefs.

- **LR 16.1**
  Amendments in response to the requirements of the Alternative Dispute Resolution Act of 1998.

- **LR 83.13**
  New rule regarding the discipline of court appointees.

The amendments to the Local Rules may be obtained in the Office of the Clerk of Court in either St. Paul, Minneapolis or Duluth; by contacting the Clerk of Court at the address below; or online through the Update Service of Westlaw.

Francis E. Dosal, Clerk
U.S. District Court
708 Federal Building
316 North Robert Street
St. Paul, MN 55101
651-848-1100